**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In Re: | ) | |
|    SPD II MAKAIWA RESORT DEVELOPMENT, LLC, | ) ) | Chapter 11 |
| | ) | No. 23-7153 |
|    Debtor(s) | ) ) | |
| | ) | Judge David D. Cleary |

**STIPULATION AND AGREED ORDER RESOLVING**
**THE PLAN PROPONENT'S OBJECTION TO CLAIM NO. 2**

Corban Kauai Chicago Lender, LLC (the "**Plan Proponent**" or "**Secured Lender**") and Makaiwa Resort Company LLC ("**Claimant**" and, together with the Plan Proponent, the "**Parties**" and, each a "**Party**") respectfully submit this stipulation (the "**Stipulation**") and agreed order.

WHEREAS, on May 31, 2023, SPD II Makaiwa Resort Development, LLC (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, in the United States Bankruptcy Court for the Northern District of Illinois (the "**Court**");

WHEREAS, on September 6, 2023, the Court entered an order (ECF No. 60, the "**Bar Date Order**") establishing November 9, 2023 (the "**Bar Date**") as the last day to file a claim against the Bankruptcy estate of the Debtor for a debt that arose before the Debtor filed its Bankruptcy case;

WHEREAS, on March 6, 2024, the Secured Lender, as Plan Proponent, proposed a Disclosure Statement for the Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code (ECF No. 127, the "**Disclosure Statement**") and a Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code, attached to the Disclosure Statement as Exhibit A (ECF No. 127-1, the "**Plan**") in the Chapter 11 Case;

WHEREAS, on March 6, 2024, the Plan Proponent filed the *Motion for Approval of Disclosure Statement and to Schedule Hearing* (ECF No. 128, the "**Solicitation Procedures Motion**");

WHEREAS, on April 29, 2024, the Plan Proponent filed the *Second Amended Disclosure Statement to the Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code* (the "**Second Amended Disclosure Statement**") and *Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code* (the "**Second Amended Plan**") (ECF Nos. 160, 160-1);

WHEREAS, on May 1, 2024, the Court held a hearing on the adequacy of the Second Amended Disclosure Statement;

WHEREAS, on May 6, 2024, the Court entered the Order Approving the Solicitation Procedures Motion and Second Amended Disclosure Statement (ECF No. 165);

WHEREAS, on June 14, 2023 the Clamant filed a general unsecured claim against the Debtor (Claim No. 2), in the amount of $13,408,741.00 (the "**Claim**");

WHEREAS, on May 8, 2024, the Plan Proponent filed the *Objection of Plan Proponent to Claim No. 2*, (ECF No. 169, the "**Objection**"),[1] and the Parties then engaged in negotiations to resolve the Objection; and

WHEREAS, after good-faith, arms' length negotiation, the Plan Proponent and the Claimant desire to resolve their disputes relating to the Claim upon the terms set forth in this Stipulation.

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to Court approval, as follows:

---

[1] Capitalized terms used but not defined in this order have the meanings given in the Objection.

- 5 -

1. The Parties have agreed that Claimant (i) shall have an allowed, general unsecured claim in the amount of $13,408,741.00, which claim shall be classified in Class 5 of the Plan, and (ii) shall limit its distribution under Class 5 to a maximum of $50,000.00, which amount shall be based upon Claimant's pro rata share of the Class 5 distributions.

2. In exchange for the treatment provided in this Stipulation, the Claimant agrees, or shall cause its assignee(s), as the case may be, to: (i) timely vote, or cause to be voted, all of its Claim in favor of the *Second Amended Plan*; (ii) support the *Second Amended Plan* and the transactions contemplated thereby; and (iii) not (a) object to, delay, postpone, challenge, reject, oppose, or take any other action that would reasonably be expected to prevent, interfere with, delay, or impede, directly or indirectly, in any material respect, the approval, acceptance, or implementation of the *Second Amended Plan*, (b) directly or indirectly solicit, negotiate, propose, enter into, consummate, file with the Court, vote for or otherwise knowingly support, participate in, or approve any chapter 11 plan, sale, proposal or offer of dissolution, winding up, liquidation, reorganization, merger, or restructuring of the Debtor or its indebtedness other than the *Second Amended Plan*, or (c) object to or oppose, or support any other person's efforts to object to or oppose, any motions filed by the Plan Proponent that are consistent with this Stipulation, including any request by the Plan Proponent to extend the period to solicit acceptances of the *Second Amended Plan*.

3. To the extent the Claimant sells or otherwise transfers any portion of its interest in the Claim, including the right to vote on the *Second Amended Plan*, such sale or transfer agreement (or any similar agreement) shall include a provision binding the purchaser or transferee, and any subsequent purchasers or transferees, to this Stipulation.

4. By executing this Stipulation, the Claimant represents and warrants that (i) it is the sole owner and holder of the Claim, (ii) it has not sold, assigned, or transferred the Claim, and (iii) it shall not amend the Claim, file any additional proofs of claim against the Debtor or commence any other proceedings against the Debtor or Plan Proponent with respect to the liabilities asserted in the Claim. Any further amendments to the Claim or any additional claims or proceedings filed by Claimant or each of its successors or assigns, against the Debtor or Plan Proponent with respect to the liabilities asserted in the Claim shall be null, void, and of no effect.

5. The Parties agree that each of the Parties hereto shall bear its own attorneys' fees and costs in connection with the matters resolved hereby.

6. Each of the undersigned represents that he/she is authorized to execute this Stipulation on behalf of the applicable Party.

7. This Stipulation may be executed in multiple counterparts which, together, shall constitute one and the same fully executed agreement.

8. This Stipulation shall be binding upon and inure to the benefit of the Parties' successors and assigns.

9. This Stipulation may not be modified, altered, or changed except in writing and signed by both Parties wherein specific reference is made to this Stipulation.

10. This Stipulation shall be construed and interpreted in accordance with the laws of the State of Illinois. For purposes of construing this Stipulation, neither of the Parties shall be deemed to have been the drafter of this Stipulation.

11. This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreement or understandings between the Parties.

12.     The Court shall retain jurisdiction over the terms and conditions of this Stipulation, and any and all disputes, claims, or actions based upon this Stipulation shall be heard exclusively by the Court.

Prepared by: Ann E. Pille, Reed Smith LLP and Laurence H. Smith, Makaiwa Resort Company, LLC

**Dated**: June 10, 2024

**AGREED TO AND ACCEPTED BY:**

| REED SMITH LLP | MAKAIWA RESORT COMPANY, LLC |
|---|---|
| By: __/s/ Ann E. Pille__<br>Ann E. Pille<br>Reed Smith LLP<br>10 S. Wacker Drive, Suite 4000<br>Chicago, Illinois 60606<br>Telephone: (312) 207-1000<br>Facsimile: (312) 207-6400<br>E-mail: apille@reedsmith.com | By: [signature]<br>Laurence H. Smith<br>Manager, ~~Coconut Beach Development~~, LLC<br>Manager, Makaiwa Resort Company, LLC |

*Counsel to Corban Kauai Chicago Lender LLC*

**AND APPROVED BY THE COURT THIS** 26th **DAY OF** June **, 2024.**

[signature]

United States Bankruptcy Judge