UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:                                        )          Case Number:  23-7153
SPD II MAKAIWA RESORT                         )
DEVELOPMENT, LLC                              )
                                              )              Chapter:  11
                                              )
                                              )              Honorable David D. Cleary
                                              )
            Debtor(s)                         )

**STIPULATION AND AGREED ORDER RESOLVING THE
OBJECTION OF PLAN PROPONENT TO CLAIM NOS. 19 AND 20**

Corban Kauai Chicago Lender, LLC (the "Plan Proponent" or "Secured Lender") and Belt Collins Hawaii LLC ("Belt Collins") and RIM Architects, LLC ("RIM", and together with Belt Collins, the "Claimants" and, each a "Claimant"; and, together with the Plan Proponent, the "Parties" and, each a "Party") respectfully submit this stipulation (the "Stipulation") and agreed order.

WHEREAS, on May 31, 2023, SPD II Makaiwa Resort Development, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., in the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

WHEREAS, on September 6, 2023, the Court entered an order (ECF No. 60, the "Bar Date Order") establishing November 9, 2023 (the "Bar Date") as the last day to file a claim against the Bankruptcy estate of the Debtor for a debt that arose before the Debtor filed its Bankruptcy case;

WHEREAS, on October 21, 2022, the Secured Lender and Fidelity and Deposit Company of Maryland entered into that certain Bond to Discharge Mechanic's Lien (the "Belt Collins Bond"), pursuant to which the Secured Lender executed and recorded a bond pursuant to Section 507-45 of the Hawaii Revised Statutes in the amount of $1,760,736.72, to enable the Property to be freed from the effect of Belt Collins' claim of mechanic's lien (the "Belt Collins Mechanic's Lien") and any action brought to foreclose said lien;

WHEREAS, on October 21, 2022, the Secured Lender and Fidelity and Deposit Company of Maryland entered into that certain Bond to Discharge Mechanic's Lien (the "RIM Bond", and together with the Belt Collins Bond, the "Bonds"), pursuant to which the Secured Lender executed and recorded a bond pursuant to Section 507-45 of the Hawaii Revised Statutes in the amount of $1,859,986.52, to enable the Property to be freed from the effect of RIM's claim of mechanic's lien (the "RIM Mechanic's Lien") and any action brought to foreclose said lien;

WHEREAS, on November 8, 2023, Belt Collins filed a secured claim against the Debtor (Claim No. 19), in the amount of $1,307,829.62 (the "Belt Collins Claim"), on the basis of the Belt Collins Mechanic's Lien and the Belt Collins Bond;

WHEREAS, on November 8, 2023, RIM filed a secured claim against the Debtor (Claim No. 20), in the amount of $1,307,829.62 (the "RIM Claim", and together with the Belt Collins Claim, the "Claims", and each a "Claim"), on the basis of the RIM Mechanic's Lien and the RIM Bond;

Form G5 (20240301_bko)

WHEREAS, on April 8, 2024, Belt Collins filed the Motion for Relief from Stay as to Bond Discharging Mechanic's Lien (ECF No. 146, the "Belt Collins Stay Relief Motion");

WHEREAS, on April 8, 2024, RIM filed the Motion for Relief from Stay as to Bond Discharging Mechanic's Lien (ECF No. 149, the "RIM Stay Relief Motion", and together with the Belt Collins Stay Relief Motion, the "Stay Relief Motions");

WHEREAS, on April 17, 2024, the Court entered orders granting the Stay Relief Motions (ECF Nos. 154, 155), allowing Belt Collins and RIM to pursue actions relative to collection and enforcement of their respective Bonds;

WHEREAS, on May 8, 2024, the Plan Proponent filed the Objection of Plan Proponent to Claim No. 19, (ECF No. 168, the "Belt Collins Objection"), asserting that the Belt Collins Mechanic's Lien is no longer enforceable against the Debtor or the Property, by virtue of the Belt Collins Bond;

WHEREAS, on May 8, 2024, the Plan Proponent filed the Objection of Plan Proponent to Claim No. 20, (ECF No. 170, the "RIM Objection" and together with the Belt Collins Objection, the "Objections", and each an "Objection")*, asserting that the RIM Mechanic's Lien is no longer enforceable against the Debtor or the Property, by virtue of the RIM Bond;

WHEREAS, on May 15, 2024, Belt Collins filed its response to the Belt Collins Objection (ECF No. 173, the "Belt Collins Response");

WHEREAS, on May 15, 2024, RIM filed its response to the RIM Objection (ECF No. 171, the "RIM Response");

WHEREAS, on May 20, 2024, the Plan Proponent filed its reply to the Belt Collins Response (ECF No. 177, the "Belt Collins Reply"), and the Parties then engaged in negotiations to resolve the Belt Collins Claim and Belt Collins Objection;

WHEREAS, on May 20, 2024, the Plan Proponent filed its reply to the RIM Response (ECF No. 176, the "RIM Reply"), and the Parties then engaged in negotiations to resolve the RIM Claim and RIM Objection; and

WHEREAS, after good-faith, arms' length negotiation, the Plan Proponent and the Claimants desire to resolve their disputes relating to the Claims upon the terms set forth in this Stipulation.

NOW, THEREFORE, the Parties hereby stipulate and agree, subject to Court approval, as follows:

1. The Parties stipulate and agree that:

    a. The Belt Collins Claim is not a secured claim in Debtor's Chapter 11 by virtue of the Belt Collins Bond replacing and superseding the Belt Collins Mechanic's Lien;

    b. Belt Collins may amend the Belt Collins Claim to reflect that the Belt Collins Claim is unsecured and attach such documentation that supports an unsecured claim;

    c. The RIM Claim is not a secured claim in Debtor's Chapter 11 by virtue of the RIM Bond replacing and superseding the RIM Mechanic's Lien;

Form G5 (20240301_bkd)

      d. RIM may amend the RIM Claim to reflect that the RIM Claim is unsecured and attach such documentation that supports an unsecured claim.

      2. Both the Plan Proponent, on one hand, and RIM and Belt Collins, on the other, reserve all rights, claims, interests and defenses with respect to the RIM Bond and the Belt Collins Bond and any adjudication of their respective rights, claims and interests thereunder, provided, however, that the Plan Proponent agrees that:

      a. it will not seek or allow a dissolution of the RIM Bond until the earliest to occur of: (i) a final adjudication (and payment if so ordered) on the merits of RIM's rights of recovery under the RIM Bond by a court of competent jurisdiction, or (ii) the execution of a written settlement agreement executed by both the Plan Proponent and RIM resolving the claim of RIM against the RIM Bond;

      b. it will not seek or allow a dissolution of the Belt Collins Bond until the earliest to occur of: (A) a final adjudication (and payment if so ordered) on the merits of Belt Collins' rights of recovery under the Belt Collins Bond by a court of competent jurisdiction, or (B) the execution of a written settlement agreement executed by both the Plan Proponent and Belt Collins resolving the claim of Belt Collins against the Belt Collins Bond;

      c. Plan Proponent shall not file, support, suggest or otherwise take part in any avoidance or preference action under either the Bankruptcy Code or any other law ("Avoidance Actions") as to Claimants and will not use any Avoidance Actions as a defense, counterclaim or setoff to Claimants' enforcement on the Bonds;

      d. Plan Proponent and Claimants acknowledge and agree that the priority of Claimants' Mechanics Liens vis-à-vis Plan Proponents' Mortgage has not been determined or adjudicated in either this Stipulation or any other orders or pleadings in Debtor's Chapter 11, provided, however, that Plan Proponent and Claimants agree such Mechanics Liens against the Property were discharged as a matter of state law by the posting of the Bonds; and

      3. The RIM Objection will remain pending until the satisfaction of either paragraph 2(a)(i) or 2(a)(ii) hereof (either being referred to herein as the "RIM Disposition"), at which point the RIM Claim shall be allowed as a general unsecured claim in amount of the RIM Claim less any distribution paid or to be paid to RIM pursuant to the RIM Disposition.

      4. The Belt Collins Objection will remain pending until the satisfaction of either paragraph 2(b)(i) or 2(b)(ii) hereof (either being referred to herein as the "Belt Collins Disposition"), at which point the Belt Colins Claim shall be allowed as a general unsecured claim in amount of the Belt Collins Claim less any distribution paid or to be paid to Belt Collins pursuant to the Belt Collins Disposition.

      5. On and after the date hereof, and except as provided in paragraph 1(b) and (d) hereof, neither RIM nor Belt Collins will amend any proof of claim filed in this proceeding, including but not limited to the RIM Claim or the Belt Collins Claim, in order to assert additional amounts due and owing thereunder.

      6. The Parties agree that this Stipulation shall be implemented and enforced in Debtor's Chapter 11 proceeding and in all other litigation concerning payment on the Bonds, specifically including the agreements and waivers of defenses and claims as forth in Paragraph 2 herein.

Notwithstanding the foregoing, the Parties expressly waive and disclaim any argument that their respective rights and claims under the RIM Bond or the Belt Collins Bond are subject to the jurisdiction of the United States Bankruptcy Court for the Northern District of Illinois. To the contrary, the Parties agree and stipulate that the adjudication of rights, claims and interests under the RIM Bond and the Belt Collins Bond are disputes between non-debtor parties properly adjudicated by a court of competent jurisdiction in the State of Hawaii or such other jurisdiction as the Parties may mutually agree.

7. By executing this Stipulation, the each Claimant represents and warrants that (i) it is the sole owner and holder of its Claim, (ii) it has not sold, assigned, or transferred its Claim, and (iii) it shall not amend its Claim, file any additional proofs of claim against the Debtor or commence any other proceedings against the Debtor or Plan Proponent with respect to the liabilities asserted in its Claim. Any further amendments to the Claims or any additional claims or proceedings filed by either Claimant or each of their successors or assigns, against the Debtor or Plan Proponent with respect to the liabilities asserted in the Claims shall be null, void, and of no effect.

8. The Parties agree that each of the Parties hereto shall bear its own attorneys' fees and costs in connection with the matters resolved hereby.

9. Each of the undersigned represents that he/she is authorized to execute this Stipulation on behalf of the applicable Party.

10. This Stipulation may be executed in multiple counterparts which, together, shall constitute one and the same fully executed agreement.

11. This Stipulation shall be binding upon and inure to the benefit of the Parties' successors and assigns.

12. This Stipulation may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Stipulation.

13. This Stipulation shall be construed and interpreted in accordance with the laws of the State of Illinois. For purposes of construing this Stipulation, none of the Parties shall be deemed to have been the drafter of this Stipulation.

14. This Stipulation sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreement or understandings between the Parties.

15. The Court shall retain jurisdiction over the terms and conditions of this Stipulation, and any and all disputes, claims, or actions based upon this Stipulation shall be heard exclusively by the Court.

* Capitalized terms used but not defined in this order have the meanings given in the Objections.

AGREED TO AND ACCEPTED BY:

REED SMITH LLP
By: /s/ Ann E. Pille
Ann E. Pille

Form G5 (20240301_bko)

Reed Smith LLP
10 S. Wacker Drive, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400
Email: apille@reedsmith.com
Counsel to Corban Kauai Chicago Lender LLC

    Gordon Rees Scully Mansukhani, LLP
By:   /s/ W. Kent Carter
W. Kent Carter
(kentcarter@gordonrees.com)
Gordon Rees Scully Mansukhani, LLP
One North Franklin, Ste. 800
Chicago, IL 60606
Phone: (312) 619-4900
Fax: (312) 565-6511
One of the Attorneys for Belt Collins Hawaii, LLC
and RIM Architects, LLC

Enter:

United States Bankruptcy Judge

Dated: July 31, 2024

**Prepared by:**

Ann E. Pille, Reed Smith LLP and W. Kent Carter, Gordon
Rees Scully Mansukhani, LLP