Draft; 8/23/24

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re | Case No. 23-7153 |
| SPD II MAKAIWA RESORT DEVELOPMENT, LLC, | Chapter 11 |
| | Honorable David D. Cleary |
| Debtor. | |

### THIRD DECLARATION OF ANTOINETTE WALKER, EXECUTIVE VICE PRESIDENT OF QUESTOR ADVISORS, LLC, IN SUPPORT OF CONFIRMATION OF THE SECOND AMENDED PLAN OF LIQUIDATION UNDER CHAPTER 11 OF THE UNITED STATES BANKRUPTCY CODE

Pursuant to 28 U.S.C. § 1746, I, Antoinette Walker, hereby submit this declaration (this "**Declaration**") under penalty of perjury:

1. I am an Executive Vice President and Head of Real Estate Asset Management U.S., employed by Quaestor Advisors, LLC ("**Quaestor Advisors** ") and maintain an office at 8569 Baypine Rd., Building 3, Suite 302, Jacksonville, Florida 32256.

2. Quaestor Advisors is the special servicer for an affiliate of Corban Kauai Chicago Lender, LLC (the "**Plan Proponent**"), and I oversee real estate loans originated by the Plan Proponent, among others. In the capacity of my employment with Quaestor Advisors, I am authorized to submit this Declaration on behalf of the Plan Proponent in support of the *Plan Proponent's Brief in Support of Plan Confirmation and Omnibus Reply to Objections* [Doc. No. 203] (the "**Confirmation Brief**") filed on June 17, 2024, seeking confirmation of the *Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code*

[Doc. No. 161-1] (as may be modified, supplemented, and/or amended from time to time, the "**Amended Plan**")[1].

3. The facts and matters set forth in this Declaration are based on my personal knowledge and/or my review of the regularly kept business records of Quaestor Advisors and the Plan Proponent, my review of the record in this Chapter 11 Case, and are true to the best of my knowledge, information, and belief. If called upon to testify, I would testify competently to the facts set forth in this Declaration.

A. **References to the Knowledge and Belief of the Plan Proponent.**

4. Through the course of reviewing the record in this Chapter 11 Case, I have identified the statements (listed below) in the documents filed in this case in support of confirmation of the Amended Plan (listed below), which make reference to the "Debtor", as opposed to the "Plan Proponent." These references, as identified below, were inadvertent and immaterial. In an abundance of caution, and to ensure a clear record for the Court and parties in interest, I submit the following and corrections.

A. **The Confirmation Brief.**

5. On June 17, 2024, the Plan Proponent filed the *Plan Proponent's Brief in Support of Plan Confirmation and Omnibus Reply to Objections* [Doc. No. 203] (the "**Confirmation Brief**").

6. Page 21 of the Confirmation Brief states in part that: "(ii) Section 1129(a)(2): The **Debtor** Has Complied With The Applicable Provisions of the Bankruptcy Code." *See* Confirmation Brief, at page 21 (emphasis added).

---

[1] Capitalized terms used but not defined in this Declaration have the meanings given to them in the Amended Plan. The rules of interpretation set forth in Sections 1 and 13.10 of the Amended Plan apply to this Declaration.

7. The Debtor has not conducted a plan process in this Chapter 11 Case. As such, the Plan Proponent does not claim that the Debtor has satisfied the confirmation requirements within Section 1129(a)(2). Rather, the above referenced statement on page 21 of the Confirmation Brief is intended to read as follows: "As such, I believe that, based on the **Plan Proponent's** business judgment, such Exculpation is necessary to implement the Amended Plan."

B. **The First Declaration In Support of Confirmation.**

8. On June 17, 2024, the Plan Proponent filed the *Declaration of Antoinette Walker, Executive Vice President of Questor Advisors, LLC, In Support of Confirmation of the Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code* [Doc. No. 204] (the "**First Declaration**").

9. Paragraph 33 of the First Declaration states in part: "I believe that, based on the **Debtor's** business judgment, such Exculpation is necessary to implement the Amended Plan, appropriately tailored to protect the Exculpated Parties from inappropriate litigation, fair and equitable, in the best interests of the Debtor and its Estate, is the product of arm's-length negotiations, and is essential to the Amended Plan overall." *See* First Declaration, at ¶ 33 (emphasis added).

10. The Plan Proponent does not claim any knowledge of the Debtor's belief as to the statement in Paragraph 33 of the First Declaration. Rather, the statement in Paragraph 33 of the First Declaration is intended to read as follows: "I believe that, based on the **Plan Proponent's** business judgment, such Exculpation is necessary to implement the Amended Plan, appropriately tailored to protect the Exculpated Parties from inappropriate litigation, fair and equitable, in the best interests of the Debtor and its Estate, is the product of arm's-length negotiations, and is essential to the Amended Plan overall."

11.     Paragraph 53 of the First Declaration states in part: "If the Court confirms the Amended Plan, the Plan Proponent does not anticipate any issues in satisfying the remaining conditions precedent. Accordingly, the **Debtor** will be able to fulfill its obligations under the Amended Plan without the need for further liquidation or reorganization." *See* First Declaration, at ¶ 53 (emphasis added).

12.     The Plan Proponent does not claim any inside knowledge of the Debtor's ability as to the statement in Paragraph 53 of the First Declaration. Rather, the statement in Paragraph 53 of the First Declaration is intended to read as follows: "If the Court confirms the Amended Plan, the Plan Proponent does not anticipate any issues in satisfying the remaining conditions precedent. Accordingly, the **Plan Proponent** will be able to fulfill its obligations under the Amended Plan without the need for further liquidation or reorganization."

C.     **The Second Declaration In Support of Confirmation.**

13.     On July 16, 2024, the Plan Proponent filed the *Second Declaration of Antoinette Walker, Executive Vice President of Questor Advisors, LLC, In Support of Confirmation of the Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code* [Doc. No. 212] (the "**Second Declaration**").

14.     Paragraph 14 of the Second Declaration states in part: "As such, I believe that, based on the **Debtor's** business judgment, such Exculpation is necessary to implement the Amended Plan […]." *See* Second Declaration, at ¶ 14 (emphasis added).

15.     The statement in Paragraph 14 of the Second Declaration is intended to read as follows: "As such, I believe that, based on the **Plan Proponent's** business judgment, such Exculpation is necessary to implement the Amended Plan."

**D.     The Revised Proposed Confirmation Order.**

16.    On July 24, 2024, the Plan Proponent filed the revised *Findings of Fact, Conclusions of Law, and Order Confirming the Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code* [Doc. No. 216-1] (the "**Revised Proposed Order**").

17.    Page 13 of the Revised Proposed Order states in part: "Classes 1, 3, and 5 are Classes of Impaired Claims that voted to accept/in favor of the Amended Plan in accordance with section 1126(c) of the Bankruptcy Code, which acceptance was determined, to the **Debtor's** knowledge, without including any acceptance of the Amended Plan by any 'insider.'" *See* Revised Proposed Order, at page 13 (emphasis added).

18.    The Plan Proponent does not claim any inside knowledge of the Debtor's knowledge as to the above referenced statement on page 13 of the Revised Proposed Order. Rather, the above referenced statement on page 13 of the Revised Proposed Order should read as follows: "Classes 1, 3, and 5 are Classes of Impaired Claims that voted to accept/in favor of the Amended Plan in accordance with section 1126(c) of the Bankruptcy Code, which acceptance was determined, to the **Plan Proponent's** knowledge, without including any acceptance of the Amended Plan by any 'insider.'"

19.    Page 17 of the Revised Proposed Order states in part: "The Exculpation appropriately affords protection to those parties who constructively participated in and contributed to the **Debtor's** chapter 11 process consistent with their duties under the Bankruptcy Code, is essential to the Amended Plan, and is appropriately tailored to protect the Secured Lender, all of its respective professionals, consultants, representatives, employees, officers, directors, managers and agents, and their successors and assigns from inappropriate litigation." *See* Revised Proposed Order, at page 17 (emphasis added).

20. The Debtor has not conducted a plan process in this Chapter 11 Case. As such, the Plan Proponent does not claim that the Exculpation affords protection to parties who have participated in a fictitious plan process led by the Debtor. Rather, the above referenced statement on page 17 of the Revised Proposed Order should read as follows: "The Exculpation appropriately affords protection to those parties who constructively participated in and contributed to the **Plan Proponent's** chapter 11 process consistent with their duties under the Bankruptcy Code, is essential to the Amended Plan, and is appropriately tailored to protect the Secured Lender, all of its respective professionals, consultants, representatives, employees, officers, directors, managers and agents, and their successors and assigns from inappropriate litigation"

21. The Plan Proponent intends to submit a further revised version of the Revised Proposed Order for the Court's consideration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the forgoing is true and correct.

Jacksonville, Florida  
Dated: August 23, 2024

*/s/ Antoinette Walker*  
Antoinette Walker  
Senior Vice President and Head of Real Estate Asset Management  
Questor Advisors, LLC, on behalf of the Plan Proponent, Corban Kauai Chicago Lender, LLC