**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SPD II Makaiwa Resort Development, LLC, | ) | Case No. 23-7153 |
| | ) | |
| Debtor. | ) | Honorable David D. Cleary |
| | ) | |
| | ) | |

**WALSH CONSTRUCTION COMPANY II, LLC'S OBJECTION TO EXHIBIT 4 ON CORBAN KAUAI CHICAGO LENDER, LLC'S EXHIBIT LIST**

Walsh Construction Company II, LLC, creditor herein ("**Walsh**"), submits the following objections to Exhibit Number 4, the Declaration Of Votes /Report Of Balloting Regarding The Planned Proponent's Second Amended Chapter 11 Plan Of Liquidation [**Dkt #198**] (the "**Voting Declaration**"), proposed by Corban Kauai Chicago Lender, LLC ("**Corban Kauai**") in Corban Kauai's List of Witnesses and Exhibits for the Evidentiary Hearing Scheduled on September 27, 2024, [**Dkt #234**] (the "**Exhibit List**"). In support of its objections, Walsh respectfully states as follows:

**I.      PRELIMINARY STATEMENT**

Corban Kauai's Voting Declaration improperly includes the votes of insiders in the tabulation of votes and related matters, rendering the Voting Declaration materially inaccurate and warranting its rejection as drafted. The Voting Declaration on file in this case is not reliable and should be stricken pursuant to 11 U.S.C. §§ 1126 and 1129.

**II.      OBJECTION**

1.      As stated, the Voting Declaration includes claims of insiders pursuant to the definition of "insider" under the Bankruptcy Code (the "Code") and supporting caselaw.

2.      Section 1129(a)(10) of the Code provides as follows:

> If a class of claims is impaired under the plan, at least one class of claims that is impaired under the plan has accepted the plan, determined without including any acceptance of the plan by any insider.

11 U.S.C. §1129(a)(10).

3. Further, courts have long recognized that the claims of insiders may not be considered when determining whether a Chapter 11 plan has been accepted by creditors. *In re Woodbrook Assocs.*, 19 F.3d 312, 321 (7th Cir. 1994).

4. The statutory definition of "insider" includes individuals, corporations, partnerships, municipalities, as well as the directors, officers, partners, general partners, managing agent, other persons in control of business entities, a relative of a person in control, or affiliates. *See* 11 U.S.C. §101(31); *In re Friedman*, 126 B.R. 63, 69-70 (B.A.P. 9th Cir. 1991). In the context of a corporation, § 101(31)(B) instructs that the term "insider" includes, among others, any director, officer, person in control, or general partner of the debtor.

5. The statute notes that the definition of insider "includes" the foregoing categories, and courts have construed the word "includes" to indicate "that Congress did not intend for the categories listed to be exclusive." *Anstine v. Carl Zeiss Meditec AG (In re U.S. Medical, Inc.)*, 531 F.3d 1272, 1276 (10th Cir. 2008). In construing whether a non-statutory insider relationship exists, "a court should look to all the circumstances to determine whether the relationship between the individual and the corporate entity is so close that the two could not be said to be dealing at arms length." *In re Krehl*, 86 F.3d 737, 743 (7th Cir. 1996). One approach to construing a non-statutory insider "focuses on the similarity of the alleged insider's position to the enumerated statutory categories," and if "the alleged insider holds a position substantially similar to the position specified in the definition, a court will often find that individual to be an insider." *In re Longview Aluminum, L.L.C.*, 657 F.3d 507, 509 (7th Cir. 2011). Alternatively, the other approach "focuses on the alleged insider's control of the debtor," such that "the term insider can also encompass

2

anyone with a sufficiently close relationship with the debtor that his conduct is made subject to closer scrutiny than those dealing at arm's length with the debtor." *Id*.

      **A.**    **Makaiwa Resort Company, LLC Constitutes an Insider and Its Claim Should Be Excluded for Purposes of Class 5 Voting**

6.    The Debtor's Official Form 207 Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy lists Chen Lin Ding, Jeffrey L. Latin, "Makaiwa Resort Development, LLC," and Jason Ding as the Debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor. *See* Statement of Financial Affairs [**Dkt #322**], page 26. (Excerpt of Walsh Exhibit 2 attached hereto).

7.    The Debtor's Form 207 [**Dkt #322**] lists a non-existent limited liability company. No registration for the Makaiwa Resort Development, LLC exists in the business registration databases for the states of Hawaii, Arizona, Michigan, New York, or Illinois. Walsh has not yet conducted a search of the business registration websites for the remaining 45 state business registration databases, but believes no registration will be found for Makaiwa Resort Development, LLC. Accordingly, a LexisNexis public records search failed to locate any records for Makaiwa Resort Development, LLC.

8.    The name "Makaiwa Resort Development, LLC," however does exist on a State of Hawaii Department of Commerce and Consumer Affairs Business Registration Division form announcing the change of officers/directors/members/managers filed by Jeffrey Laytin, member of SPD II Makaiwa Resort Development, LLC ("**SPD II**") on February 26, 2015. See **Objection Exhibit A**. The name "Makaiwa Resort Development, LLC" again appears, five years later, on a March 13, 2020, Correction form filed by Mitchell T. Heller, manager of SPD II with the Hawaii Business Registration Division. See **Objection Exhibit A**. That form states, "The person who hand wrote the Feb. 26, 2015 change form mistakenly misnamed Makaiwa Resort Company, LLC

1063323\322405809.v1

by inserting the word 'Development' in its name. And he also used his New York City office address rather than Makaiwa Resort Company's Phoenix address." See **Objection Exhibit A**.[1]

9. Thus, Makaiwa Resort Development, LLC exists only as a typo on a change of officers/directors/members/managers form and as a typo on the Debtor's Official Form 202 Declaration Under Penalty of Perjury. On information and belief, no corporate paperwork exists for Makaiwa Resort Development, LLC.

10. Because Jason Ding filed the Debtor's Statement of Financial Affairs under penalty of perjury, he could not have intended to list the name of a fictitious corporation, and thus Walsh assumes that while completing the Debtor's Official Form 207 [**Dkt #322**], Jason Ding made the same scrivener's error that Jeffrey Laytin made while completing SPD II's errant February 26, 2015 change of officers/directors/members/managers form, i.e. that "Makaiwa Resort *Development*, LLC" should state "Makaiwa Resort *Company*, LLC."

11. Thus, creditor Makaiwa Resort Company, LLC constitutes a statutory insider of Debtor, SPD II because the Debtor named Makaiwa Resort Company, LLC as a person in control of the Debtor on its Statement of Financial Affairs. See **Dkt #22** at Page 26 of 29.

**B.     The Coconut Plantation Association Constitutes an Insider and Should Be Excluded for Purposes of Class 3 Voting.**

12. The Coconut Plantation Association and SPD II also arguably share a person in control, thus classifying Coconut Plantation Association as an insider.

13. Between the years 2018 and 2022, SPD II's Hawaii Department of Commerce and Consumer Affairs Business Registration Division paperwork named Mitchell Heller as a member

---

[1] See also, Declaration of Laurence H. Smith, U.S. Bankruptcy Court – Hawaii #22-00355, Dkt #18-1, Page 2 of 5, "The name Makaiwa Resort Development LLC, an Arizona Limited Liability Company as listed in Exhibit 1 is a scrivener's error; the name of MRC is Makaiwa Resort Company LLC. There is no Arizona LLC named Makaiwa Resort Development LLC."

and/or manager of SPD II. See **Objection Exhibit B**.[2] Accordingly, between the years 2009 and 2024, Mitchel Heller served as an officer and/or director of the Coconut Plantation Association. See **Objection Exhibit C**.[3] Heller's removal from the roster of members and managers of SPD II in 2023 may technically exclude him from the category of statutory insider. Walsh asserts, however, that Heller's long-standing position as a member/manager of SPD II and the de minimis period of time between (a) Heller's removal as a person in control of SPD II and (b) SPD II's filing for bankruptcy indicate that SPD II and Coconut Plantation Association engaged in less-than-arms-length dealings. See *U.S. Bank N.A. v. Vill. at Lakeridge, LLC (In re Vill. at Lakeridge, LLC)*, 814 F.3d 993, 1001-02 (9th Cir. 2016) ("access to the debtor's inside information may – but not shall – warrant a finding of non-statutory insider status"; "A court must conduct a fact-intensive analysis to determine if a creditor and debtor shared a close relationship and negotiated at less than arm's length); see also *Lynch v. Winslow (In re Winslow)*, 473 B.R. 94, 104 (E.D.N.C. 2012); see also *In re U.S. Med.*, 531 F.3d at 1277 n.4 ("An arm's length transaction is one made in good faith in the ordinary course of business by parties with independent interests") (internal quotes omitted).

14.    At the time the Debtor filed its Statement of Financial Affairs, Mitchell Heller maintained a relationship to both the Coconut Plantation Association and SPD II that provided him with inside information to both entities, resembled a statutory person in control, and suggested that dealings were conducted at less than arm's length. Accordingly, the relationship requires closer scrutiny than those dealing at arm's length with the debtor. See *Id*.

---

[2] Walsh attaches only the form from 2022 but possesses and is prepared to produce the other forms referenced.
[3] Walsh attaches only the form from 2023 but possesses and is prepared to produce the other forms referenced.

15. Accordingly, based upon the evidence, Coconut Plantation Association is an insider, and its claim should not be considered in the tabulation of votes in the Second Amended Plan.

### III. CONCLUSION

16. A "class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold **at least two-thirds** in amount of the allowed interests of such class held by holders of such interests, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan." 11 U.S.C. § 1126(c) (emphasis added).

17. After accounting for the improper inclusion of insider votes in Class 5 and Class 3, Walsh's calculations and the proper classification of claims support the conclusion that the Second Amended Plan has not been accepted by the requisite number and amount established by the Bankruptcy Code. Therefore a revised tabulation of the votes of creditors is necessary in this case.

18. Based upon the foregoing, the Declaration Of Votes /Report Of Balloting Regarding The Planned Proponent's Second Amended Chapter 11 Plan Of Liquidation, Exhibit 4 of Corban Kauai Chicago Lender, LLC should be stricken and the votes should be retabulated.

Respectfully submitted,

WALSH CONSTRUCTION COMPANY II, LLC

By: /s/ *Jack Shadid*

**HINSHAW & CULBERTSON LLP**
Mark A. Carter (6199602)
Lawrence S. Gosewisch (6185535)
Jack Shadid (6339658)
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Phone: 312-704-3000
mcarter@hinshawlaw.com
lgosewisch@hinshawlaw.com
jshadid@hinshawlaw.com

1063323\322405809.v1