**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| SPD II Makaiwa Resort Development, LLC, | ) | Case No. 23-7153 |
| | ) | |
| Debtor. | ) | Honorable David D. Cleary |
| | ) | |
| | ) | |

**WALSH CONSTRUCTION COMPANY II, LLC'S
COMBINED OBJECTION TO EXHIBITS 5, 6, AND 7 ON
CORBAN KAUAI CHICAGO LENDER, LLC'S EXHIBIT LIST**

Walsh Construction Company II, LLC, creditor herein ("**Walsh**"), submits the following objections to Exhibit Nos. 5, 6, and 7 proposed by Corban Kauai Chicago Lender, LLC ("**Corban Kauai**") in Corban Kauai's List of Witnesses and Exhibits for the Evidentiary Hearing Scheduled on September 17, 2024, [**Dkt #234**] (the "**Witness and Exhibit List**") and in support states as follows:

**I.      PRELIMINARY STATEMENT**

Corban Kauai seeks to admit into evidence three out-of-court statements drafted by attorneys for Corban Kauai and described as declarations of Antionette Walker, an employee of Quaestor Advisors, LLC, and Arena Investors, LLC, affiliates of Corban Kauai. During her deposition, Ms. Walker disavowed many of the statements drafted by her attorneys and either denied or failed to demonstrate personal knowledge of the facts alleged. The Court should exclude the declarations from evidence because they are not evidence based upon personal knowledge and fail to satisfy the applicable rules of evidence.

## II.    OBJECTION

1. Corban Kauai seeks to admit into evidence three out-of-court statements reflecting the beliefs of attorneys for Corban Kauai and described as declarations of Antionette Walker, Executive Vice President and Head of U.S. Real Estate Asset Management for Quaestor Advisors, LLC, ("**Walker**"). Those statements are set forth in the following:

(a)    Exhibit 5 - Declaration of Antoinette Walker in Support of the Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code ("**First Declaration**").

(b)    Exhibit 6 - Supplemental Declaration of Antoinette Walker in Support of the Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code ("**Second Declaration**").

(c)    Exhibit 7 - Third Declaration of Antoinette Walker, executive Vice President of Questor Advisors, LLC, in Support of Confirmation of the Second Amended Plan of Liquidation Under Chapter 11 of the United States Bankruptcy Code ("**Third Declaration**").

(collectively referred to herein as the "**Declaration**s").

2. The Declarations are inconsistent with the statements made by Walker at her deposition conducted on August 26, 2024 in this case (the "**Walker Deposition**"). A copy of the transcript of the Walker Deposition (the "**Transcript**") is attached hereto as Exhibit A and made a part hereof.

3. At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. *See* Fed. R. Civ. P. 43(c), incorporated by Fed. R. Bankr. P. 9017. Federal Rule of Evidence 611(a) further instructs that courts "should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to: (1) make those procedures effective for determining the truth; [and] (2) avoid wasting time." Fed. R. Evid. 611. While a court may hear certain matters on affidavits in the discretion of the court, the preferred approach is for

the testimony of witnesses to be taken orally in court where to do otherwise would work an injustice against the non-moving party. *See In re Budryk*, case No. 09-11181, 2009 Bankr. Lexis 1253* (Bankr. D. Mass. December 3, 2009); *In re Juarez*, case No. 16-40560, 2017 Bankr. LEXIS 839* (Bankr. D. Id. March 28, 2017).

4. Further, even if the declarant is available for cross-examination, the Federal Rules of Evidence do not support the admission of an affidavit based upon hearsay. *Walton v. United Consumers Club*, 786 F.2d 303, 313 (7th Cir. 1986). "That the plaintiffs lacked a good memory of [the facts of the case] and wanted to use interrogatories to supply the lack cuts against the admission of these documents, not in their favor. The defendant is entitled to insist that the plaintiffs prove their case out of their current recollections and evidence that is admissible." *Id*; *and consider*, *In re Doan*, 2007 Bankr. LEXIS 4816, *8 (B.A.P. 9th Cir. 2007).

5. Indeed, the statements in an affidavit still need to be based upon the affiant's personal knowledge. *See Ledbetter v. Good Samaritan Ministries*, 777 F.3d 955, 957 (7th Cir. 2015) *(citing Payne v. v Pauley*, 337 F.3d 767, 772-72 (7th Cir. 2003); *DeSimone v. Danaher Corp.*, 2018 U.S. Dist. LEXIS 148894 *16 (N.D. Ill. 2018).

6. The Court should strike or otherwise decline to admit into evidence each of the three out-of-court Declarations in this case.

### A. The Declarant Disavowed the First and Second Declarations

7. Parts of the Declarations are not only inconsistent with Ms. Walker's deposition testimony, but at times Ms. Walker expressly disavowed many of the statements, and thus they are not reliable evidence in this case.

8. More specifically, Walker disavowed several substantive statements in the First Declaration as inaccurate or inappropriately drafted. *See* Transcript, p. 101, lines 12, 18; p. 102, lines 3-6, 9. Furthermore, after admitting that she did not draft the document, Walker stated that

3

she could not remember whether or not she made any changes to the document, nor could she remember who drafted the declaration for her. *See* Transcript, p. 107, lines 20-24; p. 108, lines 1-7; p. 125, lines 22-24; p. 129, lines 1, 9-13; p. 130, line 5; p. 131, line 3.

9. The foregoing flaws not only render the Declarations ineffective for determining the truth of the matters asserted but will also require time-consuming scrutiny and verification during trial.

      B.      **The Declarant Lacks Personal Knowledge of the Information Proffered in the Declarations Drafted by Her Attorneys**

10. As stated, an affidavit must be based upon the affiant's personal knowledge to be admissible. *See DeSimone v. Danaher Corporation*, 2018 U.S. Dist. LEXIS 148894 *16.

11. During her deposition, Ms. Walker indicated that she and her attorneys failed to conduct reasonable investigation into the facts supporting the allegations of the Declarations. *See* Transcript, p. 110, line 11. Additionally, when asked about the means by which she acquired her personal knowledge, Walker failed to detail any meetings, negotiations, or documents which gave rise to her purported personal knowledge of the factual bases for the Declarations. *See* Transcript, p. 100, line 14; p 101, line 11; p. 106, lines 7-21; p. 107, lines 11-19. Furthermore, when asked to recite the factual bases for her attorneys' legal conclusions, Walker refused, or her attorney instructed her to refrain from answering. *C.f.* Transcript p. 104, line 6.

12. Ms. Walker and her attorney seemed to suggest that attorney-client privilege precluded her from discussing her knowledge of the relevant facts supporting the Declarations drafted for her in this case. In many respects Walker's deposition testimony serves merely as confirmation of her lack of knowledge of the allegations contained in the Declaration.

4

### C. Alternatively, the Declarations Contain Specific Sections that Fail to Satisfy the Federal Rules of Evidence

13. Assuming arguendo that the court considers any specific sections of the Declarations, a significant number are not admissible under applicable law and should be rejected. During her deposition. Many of the factual statements reflected in the Declarations constitute inadmissible hearsay under the Rule 802 of the Federal Rules of Evidence. Additionally, many of those statements also fail to satisfy the best evidence rule provided in Rule 1002 of the Federal rules of Evidence. Further, the drafters of Ms. Walker's out-of-court statements have added verifiably inaccurate conclusions of law for which she is not competent to testify to in any event.

14. More specifically, the following sections of the Declarations reflect inadmissible hearsay or speculation and should be stricken:

   (a) First Declaration: 7, 8, 9, 10, 14, 15, 18, 21, 26, 30, 33, 38, 42, 45,46, 50, 54, 56, 57, 58.

   (b) Second Declaration: 6, 7, 9, 12, 13, 14.

   (c) Third Declaration: Sections 7, 10, 15, 18, 20.

15. At the very least, said sections of the Declarations should be stricken as being inadmissible hearsay and speculative.

16. In addition, the following sections of the Declarations are inadmissible under Rule 1002 of the Federal Rules of Evidence (Best Evidence Rule):

   (a) First Declaration: Sections 7,8, 9, 10,12, 13, 14, 15, 16, 17, 18, 21, 30, 33, 35, 45, 46, 50, 54, 58.

   (b) Second Declaration: Sections 4, 5, 6, 7, 9, 10, 11, 12, 13, 14.

   (c) Third Declaration: Sections 7, 10, 15, 18, 20.

17.  The documents referenced in each of the sections above are necessary for understanding the truth of the matter asserted and are the best evidence regarding those matters. Accordingly, at the least, the foregoing sections of the Declarations should be stricken.

18.  Finally, the following sections of the Declarations reflect legal conclusions for which Walker is not competent to testify:

(a)  First Declaration: Sections 20, 21, 22, 23, 24, 25, 26,7,8, 9, 10,12, 13, 14, 15, 16, 17, 18, 21.22,23, 24, 26, 27, 30, 31, 32, 33, 34, 36, 37, 39, 40, 41, 43, 44, 47, 48, 49, 51, 52, 53, 54, 56.

(b)  Second Declaration: Sections 8, 9, 10, 11.

(c)  Third Declaration: All Sections.

19.  These sections reflect legal conclusions that are not even evidence and should be stricken.

### III.  CONCLUSION

20.  Based upon the foregoing, the Declarations filed by Corban Kauai in this case should not be admitted into evidence and instead should be stricken as unreliable legal argument.

Respectfully submitted,

WALSH CONSTRUCTION COMPANY II, LLC

By:  /s/Jack Shadid

**HINSHAW & CULBERTSON LLP**
Mark A. Carter (6199602)
Lawrence S. Gosewisch (6185535)
Jack Shadid (6339658)
151 North Franklin Street, Suite 2500
Chicago, IL 60606
Phone: 312-704-3000
Fax: 312-704-3001
mcarter@hinshawlaw.com
lgosewisch@hinshawlaw.com
jshadid@hinshawlaw.com