**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| SPD II Makaiwa Resort Development, LLC, | Case No. 23-7153 |
| Debtor. | Hon. David D. Cleary |

**ORDER (A) APPROVING THE SALE OF CERTAIN
OF THE ESTATE'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND
ENCUMBRANCES, (B) AUTHORIZING THE TRUSTEE TO ENTER INTO AND
PERFORM HIS OBLIGATIONS UNDER THE PURCHASE AGREEMENT AND
ALTERNATE PSA, AND (C) GRANTING CERTAIN RELATED RELIEF**

This matter coming before the Court on the *Motion of Trustee for Entry of Orders (I)(A) Approving Bidding Procedures in Connection with Sale of Kauai Property Free of All Liens, Claims and Encumbrances, (B) Scheduling an Auction and Hearing to Consider the Proposed Sale, and (C) Approving the Form and Manner of Notice Thereof; (II) Approving the Sale; and (III) Granting Certain Related Relief* [Dkt. No. 414] (the "Sale Motion," and all undefined terms herein having the meanings in the Sale Motion) seeking, among other things, approval of Bidding Procedures in connection with the Sale of the Estate's right, title and interest in and to the Property, as such term is defined in paragraph 1 of the Purchase Agreement (the "Kauai Property"), the scheduling of an Auction and Sale Hearing, approval of the form and manner of notice of the Auction and the Sale Hearing, approval and authorization of the Sale of the Kauai Property pursuant to the highest and best offer received by the Trustee pursuant to the Bidding Procedures free and clear of liens, claims, interests and encumbrances, approval and authority to enter into the applicable purchase and sale agreement relating to the Sale, and certain related relief; and the Court having already entered an *Order (A) Approving Bidding Procedures in Connection with Sale of Kauai Property Free of All Liens, Claims and Encumbrances, (B) Scheduling an Auction an*

*Hearing to Consider the Proposed Sale, (C) Approving the Form and Manner of Notice Thereof, and Granting Related Relief* [Dkt. No. 428] (the "Bidding Procedures Order"); and the Trustee having determined in accordance with the Bidding Procedures that: (i) Coconut Beach Development, LLC (the "Buyer") was the Successful Bidder for the Kauai Property as having made the highest and best offer for the Kauai Property, and (ii) Corban Kauai Chicago Lender, LLC (the "Alternate Bidder") was the Alternate Bidder (as such term is defined in the Bidding Procedures) as having made the second highest and best offer for the Kauai Property; and the Trustee having agreed to the terms of a Purchase and Sale Agreement, dated as of March 9, 2026, with the Buyer, which the Trustee filed at Docket No. 443-1 (the "Purchase Agreement"); and the Trustee having agreed to the terms of a second Purchase and Sale Agreement, dated as of March 12, 2026, with the Alternate Bidder, which the Trustee filed at Docket No. 450-1 (the "Alternate PSA"); adequate and sufficient notice of the proposed sale of the Kauai Property having been provided by the Trustee; and all interested parties having been afforded an opportunity to be heard with respect to the Sale Motion and all relief related thereto; and the Court having reviewed and considered the Sale Motion and all relief related thereto, and having held a hearing regarding the Sale Motion on March 18, 2026 at 10:00 a.m. CT (the "Sale Hearing"); and the Declaration of Mark Bratton [Dkt. No. 449] (the "Bratton Declaration") and Declaration of Steven R. Radtke [Dkt. No. 448] (the "Radtke Declaration") in support of the Sale Motion and the representations of counsel at the Sale Hearing; the Court having admitted the Bratton Declaration and the Radtke Declaration into evidence at the Sale Hearing without objection;

**THE COURT HEREBY FINDS AND DETERMINES THAT:**[1]

**Jurisdiction, Final Order, and Statutory Predicates**

A. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. § 1334(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N), and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The statutory predicates for the relief requested in the Sale Motion are sections 105(a) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002(a)(2), 6004, 9007, and 9014.

C. This Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), and to any extent necessary under Bankruptcy Rule 9014 and Federal Rule of Civil Procedure 54(b), as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Order.

**Notice of the Sale**

D. Written notice of the Sale Motion was provided to the Notice Parties, and such notice was reasonably calculated to provide all interested parties with timely and proper notice of the Sale and Sale Hearing.

E. As evidenced by the certificates of service previously filed with the Court, proper, timely, adequate, and sufficient notice of the Sale Motion, Sale, Sale Hearing and the transactions contemplated thereby have been provided in accordance with the Bidding Procedures Order, sections 105(a) and 363 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 9007.

---

[1] These findings and conclusions constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Sale Motion are hereby incorporated herein to the extent not inconsistent herewith. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

The notices described above were good, sufficient, and appropriate under the circumstances, and no other or further notice of the Sale Motion, Sale, or Sale Hearing is or shall be required.

F.      The disclosures made by the Trustee concerning the Sale Motion, Purchase Agreement, Sale, and Sale Hearing were good, complete, and adequate.

G.      A reasonable opportunity to object and be heard with respect to the Sale and the Sale Motion, and the relief requested therein, has been afforded to all interested persons and entities, including but not necessarily limited to the Notice Parties.

**Highest and Best Offer**

H.      The Trustee conducted a sale process in accordance with, and has otherwise complied in all respects with, the Bidding Procedures Order.  The sale process set forth in the Bidding Procedures Order afforded a full, fair, and reasonable opportunity for any person or entity to make a higher or otherwise better offer to purchase the Kauai Property.  The sale process was duly noticed and conducted in a non-collusive, fair, and good faith manner, and a reasonable opportunity was given to any interested party to make a higher and better offer for the Kauai Property.

I.      The Purchase Price (as defined in the Purchase Agreement) constitutes the highest and best offer for the Kauai Property.  The Trustee's determination that the Purchase Agreement constitutes the highest and best offer for the Kauai Property constitutes a valid and sound exercise of the Trustee's business judgment.

M.      The Trustee's determination that the Alternate PSA constitutes the second highest and best offer for the Kauai Property constitutes a valid and sound exercise of the Trustee's business judgment.

N.      The Buyer is the Successful Bidder for the Kauai Property in accordance with the Bidding Procedures Order.  In accordance with his rights under the Bidding Procedures, the Trustee has waived the non-confirming aspects of the Buyer's Bid and the Buyer has otherwise complied with the Bidding Procedures Order and any other applicable orders of this Court in negotiating and entering into the Purchase Agreement.  Accordingly, the Sale and the Purchase Agreement comply with the Bidding Procedures Order and any other applicable orders of this Court.

## No Fraudulent Transfer

J.      The consideration provided by the Buyer pursuant to the Purchase Agreement (i) is fair and reasonable, (ii) constitutes the highest and/or best offer for the Kauai Property, and (iii) constitutes reasonably equivalent value and fair consideration for the Kauai Property.  No other person or entity or group of entities has offered to purchase the Kauai Property for greater economic value to the Estate than the Buyer.  Approval of the Sale Motion and the Purchase Agreement, including the transfer of the Property Entitlements (as defined below), and the consummation of the transactions contemplated thereby, is in the best interest of the Estate.

K.      The Buyer is not a mere continuation of the Debtors or the Estate, and no continuity of enterprise exists between the Buyer and the Debtors or the Estate.  The Buyer is not holding itself out to the public as a continuation of the Debtors or the Estate.  The Buyer is not a successor to the Debtors or the Estate, and the Sale does not amount to a consolidation, merger, or de facto merger of the Buyer and the Debtors or the Estate.

## Validity of Transfer

L.      The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors.  Neither the Trustee nor the Buyer is entering into the

LEGAL\113204404\7

transactions contemplated by the Purchase Agreement fraudulently for purposes of statutory and/or common law fraudulent conveyance and fraudulent transfer laws.

M. The Estate is the sole and lawful owner of the Kauai Property. Subject to section 363(f) of the Bankruptcy Code, the transfers of the Kauai Property to the Buyer will be, as of the Closing Date, legal, valid, and effective transfers of the Kauai Property, which transfers will vest the Buyer with all right, title, and interest of the Estate to the Kauai Property free and clear of: (a) all liens and encumbrances accruing or arising any time prior to the Closing Date (the "Liens"), and (b) all claims (as that term is defined in section 101(5) of the Bankruptcy Code), liabilities, obligations, demands, guaranties, options, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the Petition Date, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, rights with respect to claims and Liens (i) that purport to give to any party a right of setoff or recoupment against, or a right or option to effect any forfeiture, modification, profit sharing interest, right of first refusal, purchase or repurchase right or option, or termination of, any of the Estate's or the Buyer's interests in the Kauai Property, or any similar rights, or (ii) in respect of taxes, restrictions, rights of first refusal, charges, or interests of any kind or nature, if any, including, without limitation, any restriction of use, voting, transfer, receipt of income, or other exercise of any attributes of ownership), whether known or unknown, disclosed or undisclosed, matured or unmatured, fixed or contingent, asserted or unasserted, liquidated or unliquidated (collectively, as defined in this clause (b), "Claims"), relating to, accruing, or arising any time prior to the Closing Date.

N. At closing of the sale to the Buyer, the Estate is authorized to transfer all of its right, title and interest in and to the Kauai Property, as defined in paragraph 1 of the Purchase Agreement

to include federal, state and local governmental permits, licenses, certificates, and approvals issued or existing in connection with the ownership, development or operation of the Land, including but not limited to that certain Special Management Area Permit (SMA(U)-2006-4), Class IV Zoning permit (Z-IV-2006-9), and Project Development Use permit (PDU-2006-6) covering the Land, as issued on January 24, 2007 and modified by Judge Susan Oki Mollway's amended final judgment on December 2, 2016[2], and any and all other permits, licenses or other written statements or certificates evidencing permission from a governmental agency or official that allows for any uses, activities, or operations on the Kauai Property, which shall include, without limitation:  (i) placement or erection of any solid material or any gaseous, liquid, solid, or thermal waste; (ii) grading, removing, dredging, mining, or extraction of any materials; (iii) change in the density or intensity of use of land, including but not limited to the division or subdivision of land; (iv) change in the intensity of use of water, ecology related thereto, or of access thereto; and (v) construction, reconstruction, or alteration of the size of any structure (collectively, the "Property Entitlements").

### Section 363(f) is Satisfied

O.      The conditions of section 363(f) of the Bankruptcy Code have been satisfied in full; therefore, the Trustee may sell the Kauai Property free and clear of any interest in the Kauai Property to the Buyer.

P.      The Buyer would not have entered into the Purchase Agreement, and would not consummate the transactions contemplated thereby, if the sale of the Kauai Property to the Buyer were not free and clear of all Liens and Claims.  The Buyer shall not be responsible for any Liens or Claims in respect of the Kauai Property.

---

[2] *Coconut Beach Development LLC* v. *County of Kaua'i* (D. Haw. Case No. 12-00065 (SOM-KSC)) [Docket No. 8].

LEGAL\113204404\7

Q.      The Trustee may sell the Kauai Property free and clear of all Liens and Claims against the Estate and/or any of the Kauai Property because one or more of the standards set forth in section 363(f)(3) and (5) of the Bankruptcy Code have been satisfied.  Those holders of Liens or Claims against the Estate or any of the Kauai Property who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code.

**Compelling Circumstances for an Immediate Sale**

R.      Good and sufficient reasons for approval of the Purchase Agreement and the Sale have been articulated.  The relief requested in the Sale Motion is in the best interests of the Estate. The Trustee has demonstrated both (i) good, sufficient, and sound business purposes and justifications, and (ii) compelling circumstances for the Sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code in that, among other things, the immediate consummation of the Sale to the Buyer is necessary and appropriate to maximize the value of the Estate.  Time is of the essence in consummating the Sale.

S.      Given all of the circumstances of the Bankruptcy Cases and the adequacy and fair value of the Purchase Price under the Purchase Agreement, the proposed Sale of the Kauai Property to the Buyer constitutes a reasonable and sound exercise of the Trustee's business judgment and should be approved.

T.      The consummation of the Sale of the Kauai Property to the Buyer, and the assumption and assignment of the Assigned Contracts/Leases, is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), and 363(f) and all of the applicable requirements of such sections have been complied with in respect of the transaction.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

**General Provisions**

1.      The relief requested in the Sale Motion as it relates to the Purchase Agreement and the Sale of the Kauai Property to Buyer is granted and approved as set forth herein, and the Sale to Buyer contemplated in the Sale Motion and the Purchase Agreement is approved.

2.      For the reasons set forth on the record, the objections of Walsh Construction Company II, LLC and 24 members of Coconut Beach/Hawaii LLC are overruled.  All other objections to the Sale Motion or the relief requested therein, as it relates to the Purchase Agreement and the Sale of the Kauai Property to Buyer, that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby denied and overruled with prejudice.

**Approval of the Purchase Agreement**

3.      The Purchase Agreement (and all schedules and exhibits affixed thereto) and all other ancillary documents, all of the terms and conditions thereof, and the transactions contemplated therein are hereby approved and authorized.

4.      Pursuant to section 363(b) and (f) of the Bankruptcy Code, the Trustee is authorized and empowered to take any and all actions necessary or appropriate to: (i) consummate the Sale of the Kauai Property to the Buyer pursuant to and in accordance with the terms and conditions of the Purchase Agreement and this Order; (ii) close the Sale as contemplated in the Purchase Agreement and this Order; and (iii) execute and deliver, perform under, consummate, implement, and close fully the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and the Sale.

LEGAL\113204404\7

5.      This Order shall be binding in all respects upon the Trustee, the Estate, the Debtors, all creditors of, and holders of equity interests in, the Debtor, any holders of Liens, Claims, or other interests in, against, or on all or any portion of the Kauai Property (whether known or unknown), the Buyer and all successors and assigns of the Buyer, and the Kauai Property.  This Order and the Purchase Agreement shall inure to the benefit of the Estate and its creditors, the Buyer, and the respective successors and assigns of each of the foregoing.

**Transfer of the Property**

6.      Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Trustee is authorized to transfer the Kauai Property to the Buyer on the Closing Date and, upon the Closing under the Purchase Agreement, such transfers shall constitute legal, valid, binding, and effective transfers of such Kauai Property and shall vest the Buyer with title to the Kauai Property, the Property Entitlements and, upon the Trustee's receipt of the full Purchase Price, shall be free and clear of all Liens, Claims, and other interests of any kind or nature whatsoever, including but not limited to, successor or successor-in-interest liability and Claims with all such Liens, Claims or other interests to attach to the net cash proceeds ultimately attributable to the property against or in which such Liens, Claims, or interests are asserted, subject to the terms thereof, with the same validity, force and effect, and in the same order of priority, that such Liens, Claims, or interests now have against the Kauai Property.  Upon the Closing, the Buyer shall take title to and possession of the Kauai Property, including the Property Entitlements.  Pursuant to the Sharing Agreement, the Trustee (in the event of a sale to Coconut Beach Development LLC) or the Secured Lender (upon the filing of a Notice of Alternate Sale) are authorized at closing, without further court order, to pay the Closing Cash Amounts (as defined in the Sharing Agreement), and any and all other sale-related and closing costs and expenses, including without limitation, insurance, title

costs, recording fees and expenses, pre- and post-petition real estate taxes, fees and expenses of the Broker, and amounts owed to the HOA.

7.    The condition in the Sharing Agreement that a closing of the Sale must occur 15 days following the entry of an order approving the Sale is waived.  For the avoidance of doubt, the terms of the Sharing Agreement apply, and in the event of any inconsistency between the terms of this Order and the Sharing Agreement, the Sharing Agreement shall govern except as expressly provided in this paragraph.

8.    Pursuant to the Purchase Agreement, such transfer of the Kauai Property shall include the Estate's right, title and interest in and to the Property Entitlements, which run with the Kauai Property, and are otherwise proper and available for the Buyer to take title thereto.

9.    All persons and entities in possession of some or all of the Property on the Closing Date are directed to surrender possession of the Kauai Property to the Buyer or its assignee at the Closing.  On the Closing Date, each of the Estate's creditors is authorized and directed to execute such documents and take all other actions as may be reasonably necessary to release its Liens, Claims, or other interests in the Kauai Property, if any, as such Liens, Claims, or interests may have been recorded or may otherwise exist.

10.    On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Kauai Property and Property Entitlements.  Each and every federal, state, and local governmental agency or department is hereby directed to accept and record any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement and not otherwise interfere with the transactions contemplated by the Purchase Agreement.

11.     A certified copy of this Order may be filed with the appropriate clerk and/or recorded with the recorder to act to cancel any Liens and other encumbrances of record.

12.     If any person or entity that has filed statements or other documents or agreements evidencing Liens on, or interests in, all or any portion of the Kauai Property shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of Liens and easements, and any other documents necessary for the purpose of documenting the release of all Liens, Claims, or other interests that the person or entity has or may assert with respect to all or any portion of the Kauai Property, the Trustee is hereby authorized and directed, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Kauai Property.

13.     This Order is and shall be effective as a determination that, on the Closing Date, all Liens, Claims, or other interests of any kind or nature whatsoever existing as to the Kauai Property prior to the Closing Date, shall have been unconditionally released, discharged, and terminated, and that the conveyances described herein have been effected.  This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing

LEGAL\113204404\7

any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

**Prohibition of Actions against the Buyer**

14.      Except as otherwise provided in this Order or the Purchase Agreement, the Buyer shall not have any liability or other obligation to the Estate arising under or related to any part of the Kauai Property.  Without limiting the generality of the foregoing, and except as otherwise provided herein or in the Purchase Agreement, the Buyer shall not be liable for any Claims against the Estate, and the Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, under any theory of antitrust, environmental, successor or transferee liability, labor law, de facto merger, mere continuation, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, whether asserted or unasserted, whether legal or equitable, whether liquidated or unliquidated.

15.      All persons and entities holding Liens, Claims, or other interests of any kind or nature whatsoever against or in all or any portion of the Kauai Property or the Property Entitlements (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, senior or subordinate), are hereby forever barred, estopped, and permanently enjoined from asserting against the Buyer, its affiliates, its successors or assigns, its property, or the Kauai Property, such persons' or entities' Liens, Claims, or interests in and to the Kauai Property, including, without limitation, the following actions:  (i) commencing or continuing in any manner any action or other proceeding against the Buyer, its affiliates, its successors, assets or properties; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyer, its affiliates, its successors, assets or properties; (iii) creating, perfecting, or enforcing any lien or other Claim against the Buyer, its

affiliates, its successors, assets, or properties; (iv) asserting any setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyer, its affiliates, or its successors; (v) commencing or continuing any action, in any manner or place, that does not comply or is inconsistent with the provisions of this Order or other orders of the Court, or the agreements or actions contemplated or taken in respect thereof; or (vi) failing or refusing to transfer any license, permit, or authorization to operate any of the Kauai Property or conduct any of the businesses operated with the Kauai Property. On the Closing Date, each creditor is authorized and directed to execute such documents and take all other actions as may be necessary to release Liens, Claims, and other interests in or on the Kauai Property, if any, as provided for herein, as such Liens, Claims, or interests may have been recorded or may otherwise exist.

16. All persons and entities are hereby forever prohibited and enjoined from taking any action that would adversely affect or interfere with the ability of the Trustee to sell and transfer the Kauai Property to the Buyer in accordance with the terms of the Purchase Agreement and this Order.

17. The Buyer has given substantial consideration under the Purchase Agreement for the benefit of the Estate. The consideration given by the Buyer shall constitute valid and valuable consideration for the releases of any potential Claims and Liens pursuant to this Order, which releases shall be deemed to have been given in favor of the Buyer by all holders of Liens against or interests in, or Claims against, the Estate or any of the Kauai Property. The consideration provided by the Buyer for the Kauai Property under the Purchase Agreement is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

18. Nothing in this Order or the Purchase Agreement releases, nullifies, or enjoins the enforcement of any liability to a governmental unit under police and regulatory statutes or

LEGAL\113204404\7

regulations that any entity would be subject to as the owner or operator of property after the date of entry of this Order.

### Alternate PSA

19.     If the sale of the Property to the Buyer does not close in a timely manner as provided for in the Purchase Agreement (such occurrence, the "Alternate Condition"), then the Trustee may file a *Notice of Intent to Sell Kauai Property to Alternate Bidder* (the "Notice of Alternate Sale") with the Bankruptcy Court.  Effective immediately upon the filing of the Notice of Alternate Sale: (a) the Trustee is authorized but not directed, in the exercise of his business judgment, to enter into and perform under the Alternate PSA and sell the Kauai Property to the Alternate Bidder pursuant to its terms; (b) the defined term "Buyer" as used herein shall refer to the Alternate Bidder; and (c) the defined term "Purchase Agreement" as used herein shall refer to the Alternate PSA.

20.     For the avoidance of doubt, the parties to the Alternate PSA may not close the sale to the Alternate Bidder without dismissal with prejudice of the Adversary Proceeding captioned *24 Members of Coconut Beach/Hawaii LLC v. Corban Kauai Chicago Lender LLC*, Case No. 25-ap-260 (Bankr. N.D. Ill.).

### Other Provisions

21.     Pursuant to Federal Rules of Bankruptcy Procedure 7062, 9014, and 6004(h), this Order shall be effective immediately upon entry and the Trustee and the Buyer are authorized to close the Sale as otherwise permitted under the Purchase Agreement.

22.     No bulk sales law or any similar law of any state or other jurisdiction applies in any way to the Sale.

23.     The failure specifically to reference any particular provision of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being

LEGAL\113204404\7

the intent of the Court that the Purchase Agreement is authorized and approved in its entirety; provided, however, that this Order shall govern if any inconsistency exists between the Purchase Agreement (including all ancillary documents executed in connection therewith) and this Order. Likewise, all of the provisions of this Order are nonseverable and mutually dependent.

24.     The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Estate or on any non-consenting third party.

25.     The Court shall retain jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Order and the Purchase Agreement, all amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith to which the Trustee is party or which has been assigned by the Trustee to the Buyer, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Sale.

26.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

27.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion, the terms of this Order shall govern.

Bankruptcy Judge David D. Cleary

Date: March 18, 2026